UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
MARVIN ANDERSON,

                       Plaintiff,                **ORDER**

   - v -

                                                      CV-06-5363 (KAM)(VVP)

THE CITY OF NEW YORK, et al.,

                       Defendants.
------------------------------------------------------------x

        The plaintiff has submitted two subpoenas duces tecum – one addressed to the 112th Precinct and one to the Queens County District Attorney – seeking files concerning the plaintiff, and in particular the arrest photos of the plaintiff to reflect the injuries he suffered at the time of his arrest.[1] The plaintiff asks that the court "so order" the subpoenas, as it is his experience that the Police Department will only honor court-ordered subpoenas.

        Although complying with the plaintiff's request would be a relatively simple task, and would not impose any undue burden on the court, the court declines to do so. The Federal Rules of Civil Procedure plainly authorize the plaintiff's counsel to issue and sign subpoenas of the type the plaintiff wishes to serve here. Fed. R. Civ. P. 45(a)(3). Thus, a subpoena signed by the plaintiff's counsel is a mandate of the court sufficient to require compliance. The clear purpose of the rule is to relieve the courts and counsel of the administrative burden and delay that would attend a requirement that every subpoena in a civil case be signed by a judge of the court. *See* Fed. R. Civ. P. 45 advisory committee's note, 1991 amendment. There is no exception in the rule for subpoenas issued to police departments or any other public agencies, and the court is

---

[1] By previous order, the court declared that discovery was closed except for specific items which the parties were permitted to pursue. The file of the District Attorney was among the items permitted, but not the police department file. Given its potential direct relevance to this case, however, and in particular the arrest photographs, the plaintiff is permitted to obtain that discovery notwithstanding the prior order.

loathe to create one *de facto*. To do so would simply invite others to ignore subpoenas that are not "so ordered."

Should the police department fail to respond to a subpoena properly issued in accordance with the requirements of Rule 45, the court, upon application of the issuing attorney, will issue an order to show cause requiring the responsible police department officers to appear in person to explain why they should not be held in contempt, as well as any other orders that may be appropriate to compel discovery. *See* Fed. R. Civ. P. 37(a). Any motions to compel compliance with a duly issued subpoena, if successful, would of course entitle the moving party to an award of attorneys' fees and costs in appropriate circumstances. *See* Fed. R. Civ. P. 37(a)(5).

For the foregoing reasons, the plaintiff's request that the court "so order" the subpoenas to the District Attorney and the 112th Precinct is denied.

**SO ORDERED:**
*Viktor V. Pohorelsky*
VIKTOR V. POHORELSKY
United States Magistrate Judge

Dated: Brooklyn, New York
　　　November 6, 2009