```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
MARVIN ANDERSON,
                                              NOT FOR PRINT OR
                      Plaintiff,              ELECTRONIC PUBLICATION

       - against -                            MEMORANDUM & ORDER

THE CITY OF NEW YORK, POLICE OFFICER JAMES    06-CV-5363 (KAM)(VVP)
PETRONELLA, # 19977, and POLICE OFFICER
WILLIAM LARKIN, # 15817, POLICE OFFICER
JOHN DOE # 3,

                      Defendants.
----------------------------------------X
```
**MATSUMOTO,** UNITED STATES DISTRICT JUDGE**:**

On October 2, 2006, plaintiff Marvin Anderson ("plaintiff") brought this action against the City of New York ("the City") and New York City Police Officers James Petronella ("Officer Petronella"), William Larkin ("Officer Larkin") and John Doe #3 (collectively, "defendants") in their individual capacities, alleging federal civil rights claims pursuant to 42 U.S.C. §§ 1981, 1983 and 1985, and various state law tort claims, all arising out of plaintiff's allegedly false arrest, malicious prosecution and strip search.  By Memorandum and Order dated September 20, 2011, the court granted in part and denied in part defendants' motion for summary judgment.  In particular, the court denied defendant's motion as to plaintiff's claims alleging:  (1) false arrest, as against individual defendants under 42 U.S.C. § 1983 and as against defendant City under a common law theory of *respondeat superior*; (2) malicious

1

prosecution, as against individual defendants under 42 U.S.C. § 1983; and (3) First Amendment retaliation, as against individual defendants.

The court denied summary judgment as to the false arrest claim because "genuine issues of material fact exist as to the relevant events." (*See* ECF No. 57, Memorandum and Order dated 9/20/2011, at 11.)  The parties' version of the events differed significantly, resulting in a "serious factual dispute regarding what transpired at the hospital when defendant officers arrived on the scene." (*Id*. at 13–14.)  The court noted that according to defendants, probable cause to arrest existed based on a claim made by hospital guard Alex Liriano ("Liriano") that plaintiff assaulted him, and based on defendants' observations of Liriano's injured lip. (*Id.* at 13.) In contrast, the court observed, plaintiff contended in his affidavit that "Liriano never spoke to the officers and that he, the plaintiff, was in fact the visibly injured party, and that the officers could see plaintiff's injuries." (*Id*.)  In view of these significant factual disagreements regarding the events that occurred prior to plaintiff's arrest, the court found that there was a "genuine issue of material fact as to whether defendants lacked probable cause to arrest plaintiff." (*Id*. at 14.)

The court also denied defendants' motion for summary judgment regarding plaintiff's malicious prosecution claim on grounds that (1) defendants failed to carry their burden in demonstrating that plaintiff could not meet certain elements of a malicious prosecution claim and (2) there were disputed issues of material fact as to the remaining elements.  (*Id*. at 19-23.)  Finally, because defendants failed to meet their burden of establishing that no genuine issue of material fact existed as to the existence of probable cause, the court likewise denied defendants' motion for summary judgment as to plaintiff's First Amendment retaliation claim.  (*Id*. at 33.)

The court has since received defendants' motion for reconsideration of the September 20, 2011 Memorandum and Order pursuant to Local Civil Rule 6.3, in which defendants seek reconsideration of the court's denial of summary judgment as to plaintiff's false arrest, malicious prosecution and First Amendment retaliation claims.  (ECF No. 59, Notice of Motion, dated 10/3/2011; ECF No. 60, Defendants' Memorandum of Law in Support of Their Motion for Reconsideration ("Defs.' Reconsid. Mem.").)  Plaintiff opposes defendants' motion for reconsideration.  (ECF No. 61, Plaintiff's Memorandum of Law in Opposition to Defendant's [sic] Motion for Reconsideration.)  For the following reasons, defendants' motion for consideration is denied.

**DISCUSSION**

Reconsideration of a previous order by the court is an "extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *In re Health Mgmt. Sys., Inc. Sec. Litig.*, 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2000) (citation and internal quotation marks omitted). Accordingly, in the Second Circuit, a motion for reconsideration or reargument will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked, and which the movant could reasonably believe would have altered the court's original decision. *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995); *see also Shearard v. Geithner*, No. 09-CV-0963, 2010 WL 2243414, at *1 (E.D.N.Y. May 30, 2010); Local Civil Rule 6.3.

"The major grounds justifying reconsideration are 'an intervening change in controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *Cordero v. Astrue*, 574 F. Supp. 2d 373, 379-80 (S.D.N.Y. 2008) (quoting *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992)). "A motion for reconsideration may not be used to advance new facts, issues or arguments not previously presented to the Court, nor may it be used as a vehicle for relitigating issues already decided by the Court." *Davidson v. Scully*, 172 F. Supp.

4

2d 458, 461 (S.D.N.Y. 2001); *see also Shearard*, 2010 WL 2243414, at *1 ("Reconsideration is not a proper tool to repackage and relitigate arguments and issues already considered by the Court in deciding the original motion."); *Torres v. Carry*, 672 F. Supp. 2d 346, 348 (S.D.N.Y. 2009) ("A court must narrowly construe and strictly apply Rule 6.3 so as to avoid duplicative rulings on previously considered issues and to prevent Rule 6.3 from being used to advance different theories not previously argued, or as a substitute for appealing a final judgment."); *Cordero*, 574 F. Supp. 2d at 380 ("Neither Rule 59(e) or Local Civil Rule 6.3 . . . is an appropriate vehicle . . . to advance new facts, issues, or arguments not previously presented to the court.") (citation and internal quotation marks omitted).

Having reviewed defendants' motion, the court finds that it does not satisfy the stringent standard for reconsideration under Local Civil Rule 6.3.  Defendants have not cited, nor does the court find, any error of law or facts in the record that the court overlooked in deciding defendants' summary judgment motion, or any change in governing law.  *See Shrader*, 70 F.3d at 257.

Moreover, the court does not find that reconsideration is warranted due to newly available evidence or to prevent manifest injustice.  Instead, defendants' motion largely repeats the same allegations contained in their summary judgment motion,

5

and thus appears to simply reiterate arguments already considered and rejected by this court.

For example, defendants contend that the court "overlooked the undisputed fact that . . . security guard [Liriano] had facial injuries which provided the requisite probable cause . . . to arrest plaintiff." (Defs.' Reconsid. Mem. at 3.)  On the contrary, the court did consider--and explicitly noted--"the officers' alleged observations of Liriano's injured lip" in deciding defendants' motion for summary judgment.  (*See* Mem. and Order dated 9/20/2011, at 13.) The court also considered, but rejected, defendants' view that the fact of Liriano's bleeding lip was an undisputed fact. Defendants argue that plaintiff inadequately refuted their Rule 56.1 Statement that "Larkin saw . . . Liriano with a bleeding, cut lip" (*see* ECF No. 49, Defendants' Local Civil Rule 56.1 Statement of Undisputed Facts ("Rule 56.1 Statement"), at ¶ 4), but the court disagreed, finding that plaintiff's sworn statement that he alone was the "visibly injured party" created a disputed issue of material fact regarding the injuries defendants encountered prior to plaintiff's arrest.  (Mem. and Order dated 9/20/2011, at 13.)  Defendants may not now relitigate these, and other, arguments and issues that the court previously considered in deciding the original motion. *Shearard*, 2010 WL 2243414, at *1.  Accordingly, defendants'

6

motion for reconsideration pursuant to Local Civil Rule 6.3 is denied.

## CONCLUSION

For the foregoing reasons, defendants' motion for reconsideration under Local Civil Rule 6.3 is denied.

**SO ORDERED.**

Dated:   October 31, 2011
         Brooklyn, New York

_____/s/_____
**Kiyo A. Matsumoto**
United States District Court
Eastern District of New York

7